**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES J. HAAG,
D.O.C. # 104507,**

    **Plaintiff,**

**vs.**                                                       **Case No.  4:21cv333-AW-MAF**

**FLORIDA DEPARTMENT
OF CORRECTIONS,**

    **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted several documents to this Court and, in an abundance of caution, the Clerk's Office opened this civil rights case for Plaintiff.  The case initiating documents were a letter, ECF No. 1, liberally construed as a complaint complaining about interference with Plaintiff's legal mail and a violation of his First Amendment rights, a "request for emergency order of judicial intervention," ECF No. 3, and a "notice of improprieties," ECF No. 4.  Because two of those documents were styled for the United States Supreme Court, it was unclear whether Plaintiff was merely presenting them to this Court as exhibits rather than as

part of this case. Further, it was unclear whether Plaintiff intended to initiate a case in this Court as opposed to simply requesting that this Court "notify the United States Supreme Court" of the issues about which Plaintiff complained in his letter. *See* ECF No. 1 at 2.

An Order was entered on August 13, 2021, advising Plaintiff that if he intended to initiate a case in this Court, he must either pay the $402.00 filing fee or file an in forma pauperis motion by September 13, 2021. ECF No. 5. In addition, for Plaintiff to proceed in this case, he was required to file a proper "amended complaint" on the court form as required by the Local Rules of this Court. *Id.* Alternatively, if Plaintiff did not so intend, he was advised to file a notice of voluntary dismissal by the same deadline. *Id.*

On September 3, 2021, Plaintiff submitted a "notice" to this Court. ECF No. 6. Although Plaintiff said he was filing "a 'notice of voluntary dismissal,'" his notice was not entirely clear. In light thereof, Plaintiff was informed that a notice of voluntary dismissal must be clear and unequivocal. Because Plaintiff's "notice" was not, he was advised that absent the <u>immediate</u> filing of response to this Order <u>clearly</u> stating that he wanted to continue this case, it would be dismissed. ECF No. 7.

Moreover, Plaintiff was directed once again to either pay the full amount of the filing fee or file an in forma pauperis motion no later than September 22, 2021. *Id.*

As of this date, nothing further has been received from Plaintiff. It appears that Plaintiff has abandoned this litigation and elected not to file a more clear notice of voluntary dismissal.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with Rule 11.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 29, 2021.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**